GRANVILLE GAY, administrator, *vs.* ESSEX ELECTRIC STREET RAILWAY COMPANY.

Essex.    March 16, 1893. — May 22, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Loss of Life — Child at Play — Street Railway — Negligence — Action.*

An action cannot be maintained against a street railway corporation, under the St. of 1886, c. 140, for causing the death of a child, who was injured by an unfastened brake while playing with other children upon cars left standing unguarded for several days on a public street of a city.

TORT.    The declaration was as follows:

" The plaintiff says that he is the duly appointed administrator of Albert G. Gay, late of said Salem, deceased, and that he brings this action under chapter 140 of the Acts of 1886, for the use of the father and mother of said Albert G., (he having left no children and no widow,) as the next of kin of said Albert G. The plaintiff further says, that on October 15, 1890, his intestate lost his life by reason of the negligence and carelessness of the defendant in the operation of its street railway, and of the unfitness and gross negligence and carelessness of its servants and agents, while engaged in its business.    And the plaintiff further says, that, at the time his intestate suffered the injury by which he lost his life as aforesaid, said intestate was in the exercise of due care and diligence, and was not an employee of

said street railway; that said life was lost because of the negligence of the defendant, its agents and servants, in negligently handling and controlling one of its street cars, and in negligently leaving in an open and exposed place, to wit, on Balcom Street, a public highway in Salem, in said county, one of its street cars, which car was negligently left in an unsafe, dangerous, and unguarded position and condition, whereby said intestate, who was a child of tender years, lost his life as aforesaid through the negligent acts of other persons whose names are to the plaintiff unknown, in the negligently using and misusing the brakes and appliances for stopping said car, and for moving the brake beam thereof."

The declaration was amended as follows:

" The plaintiff further says, that his intestate was a child seven [ten ?] years old, a traveller on said highway at the time of said injury, and rightfully upon said car; the plaintiff further says that he with other children was enticed and allured there by the opportunity for play afforded, and by the enticement and invitation of the defendant, its agents and servants; and further says that some of said children, or some of the agents and servants of the defendant, to the plaintiff unknown, were negligently using and misusing said brakes, and said children were doing said acts and were permitted and given permission, occasion, and opportunity to do said acts by the consent and with the knowledge, inducement, and invitation of the defendant, its agents and servants; that the defendant was using said street as a repair shop, and said car was there without right, and contrary to the city ordinances of Salem; that it was the duty of the defendant to keep said car and said brakes securely locked and fastened, and in a safe and guarded position and condition, so that children could not go upon said car, and could not use or play with said brakes, all of which negligence and acts of negligence heretofore alleged as existing prior to said injury the defendant well knew before said injury occurred, as well as that said car and brakes were an enticing, attractive, and inviting object to children, and that children then were, and long prior thereto had been, accustomed to play in, upon, and about said car, and with said brakes; and the plaintiff further says that all said acts and negligences which preceded or contributed to

said injury the defendant should have anticipated would happen and should have prevented, and these were duties which it owed the plaintiff and his intestate."

The defendant demurred to the declaration, assigning several grounds of demurrer.

The Superior Court sustained the demurrer, and ordered judgment for the defendant; and the plaintiff appealed to this court.

*C. G. Fall*, for the plaintiff.

*F. L. Evans*, for the defendant.

MORTON, J. The only difference between this and the preceding case is that that is a suit at common law, and this is brought under St. 1886, c. 140. Except so far as it contains averments rendered necessary by the fact that it is brought under that statute, the essential allegations contained in the declaration as amended in this case are the same as those contained in the amended declaration in the preceding case. It is necessary to consider, therefore, only the allegations which are peculiar to this case. These are that the plaintiff's "intestate lost his life by reason of the negligence and carelessness of the defendant in the operation of its street railway, and of the unfitness and gross negligence and carelessness of its servants and agents while engaged in its business." In this case we must, as in the preceding case, take the declaration as a whole, and, looking at it in that way, there is nothing tending to show unfitness or gross negligence and carelessness on the part of the servants or agents of the defendant. *Commonwealth* v. *Boston & Maine Railroad*, 133 Mass. 383. *Peaslee* v. *Fitchburg Railroad*, 152 Mass. 155. If there is anything tending to show negligence or carelessness on the part of the defendant itself (which we do not intimate), then the conduct of the plaintiff's intestate must be regarded as a contributing cause, and the plaintiff cannot recover. *Gay* v. *Essex Electric Street Railway, ante*, 238.

*Judgment affirmed.*