Egbert David Fitzgerald, an Infant, by Mary Josephine Higgins, his Guardian ad Litem, Appellant, *v.* John C. Rodgers, Respondent.

*Negligence — injury to a child playing with a winch left by a city contractor in a projected street.*

A contractor engaged in constructing a sewer in a projected, but incompleted, public highway in the city of New York, used a winch, the essential parts of which were a cable, drum and boom, the mode of operation being to hitch a horse to the boom and for him to lift the weight attached to the cable by drawing the boom and thus revolving the drum and causing the cable to wind about it. On one occasion the contractor's workmen used the winch until they ceased work, about five o'clock in the afternoon, and at half-past five some boys were observed pushing the boom, which was then in place, thus causing the drum to revolve and the cable to wind about it. A boy about ten years old sat upon

. the boom while it was being moved and sustained injuries in consequence of his leg becoming caught in the cable. It did not appear whether the contractor's workmen left the boom attached to the drum.

In an action brought by the infant against the contractor to recover damages for the injury thus sustained, on the theory that the winch constituted a nuisance,

*Held*, that the complaint was properly dismissed;

That the evidence would not warrant a finding that the machine was left in a dangerous condition, or that it was of such a character as to lead the defendant or his servants to believe that it would be used by children in play.

APPEAL by the plaintiff, Egbert David Fitzgerald, an infant, by Mary Josephine Higgins, his guardian ad litem, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 13th day of June, 1900, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term.

*William McArthur*, for the appellant.

*L. E. Warren*, for the respondent.

PATTERSON, J. :

This action was brought to recover damages for injuries sustained by the infant plaintiff under the following circumstances : The defendant was a contractor employed by the city of New York to construct a sewer in Longwood avenue, a highway projected but not completed in the extreme northern part of the city of New York. In excavating a trench in which the sewer was to be laid, the defendant made use of a machine or apparatus known as a winch, by which fragments of stone were lifted from the excavation to the surface of the land. This apparatus consisted of a framework in which was a drum. There was a cable attached to the drum and a boom or sweep was fastened to the upper end of the drum. In lifting stone from the trench, a horse was hitched to the boom or sweep and by the process of winding the cable around the drum the stone to which one end of the cable was fastened was brought to the surface. On September 22, 1896, at about half-past five o'clock in the afternoon, the infant plaintiff saw some boys playing with this apparatus. The boom or sweep was attached to the drum and in place and boys were pushing the boom thus causing the drum to revolve and the cable to wind around it. The defendant's workmen had been using the machine until after five o'clock, when they

ceased their day's work. There is no evidence to show that when they left the boom was still made fast to the drum. The infant plaintiff, a lad then about ten years old, got upon the boom, sat upon it while it was being moved and his feet slipping, his leg was caught in the cable and he sustained some injury. The complaint was dismissed on the trial — and from the judgment entered upon such dismissal this appeal is taken.

The complaint specifically charges that the apparatus had been wrongfully and unlawfully left by the defendant unguarded, unattended and exposed and without the exercise by the defendant of ordinary care, and that it was at the time of the accident in its then condition a dangerous and unsafe machine for children of tender years to be permitted and given the opportunity, facility and occasion to handle or meddle with, and that the same was, as the defendant knew or had reason to know, to the public using the thoroughfare, a dangerous and unlawful nuisance in the manner and respect alleged, and especially to children of tender years (including the plaintiff), when near or upon said machine when set in motion and that "said nuisance was wrongfully and unlawfully created, caused, permitted and maintained by the defendant." There are further allegations in the complaint to the effect that through the unlawful and wrongful allowance, opportunity and facility afforded to children of tender years, easily to set the machine in motion, it became peculiarly dangerous, unsafe and a menace to children of tender years by reason of the condition in which it was left, and that it constituted a temptation or allurement or attraction and inducement to such children to play with it, there being no notice or warning at any time given to the plaintiff or other children that it was unsafe and dangerous when set in motion. The plaintiff asked to go to the jury on an issue of negligence and that request was denied.

An analysis of the complaint shows that the cause of action alleged is in nuisance. It is distinctly set forth that the apparatus was an unlawful obstruction in the street and every allegation of carelessness contained in the complaint is connected with such alleged unlawfulness. That the winch did not in itself constitute a nuisance must be conceded. There is nothing to show that it was not an appliance appropriate to the use to which it was put

and such as was ordinarily and usually employed in the work in which it was used. The contention of the plaintiff appears to be that when it was left in the street unguarded and unprotected and without a warning, it became a nuisance, particularly to children playing in the highway and who would be tempted or enticed to play with it. The machine was not in itself dangerous; it did not in itself constitute an unlawful obstruction in the highway, nor was it of such a character that, even if left with the boom or sweep attached to the drum, it could be found by a jury from that circumstance alone that it was dangerous and a temptation or enticement to children of tender years to play with it and that the natural and probable result of their so playing would be injury to them. Even where liability is sought to be imposed upon a defendant on the ground of negligence under such circumstances as appear in this case, it must be shown not only that the apparatus with which the child was playing was dangerous, but that it was of such a character as would induce or allure children to play with it. The evidence in this case did not warrant the submission of the question to the jury. It could not be found that the machine was left in a dangerous condition, nor that it was of such a character as to lead the defendant or his servants to believe that it would be used by children in play. If the apparatus had been left upon private premises, in the condition claimed by the plaintiff, it would have no more constituted a temptation to children than did the turntable in *Walsh* v. *Fitchburg R. R. Co.* (145 N. Y. 301) and *Daniels* v. *New York & New England R. R. Co.* (154 Mass. 349). The fact that the defendant's winch was in a projected public street does not change the rule. In *Gay* v. *Essex Electric Street Railway* (159 Mass. 242) the car upon which the plaintiff's intestate was playing when he received the injuries which resulted in his death was, and for some days had been, standing in an open and exposed place, namely, in one of the streets or public highways of a city.

The complaint was properly dismissed and the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and RUMSEY, J., concurred; O'BRIEN and McLAUGHLIN, JJ., concurred in result.

Judgment affirmed, with costs.