Gorman, J.
This action was brought by George Rose as the next friend of his infant son, Harold *24 Rose. In the petition it was 'claimed that the defendant was liable because of negligence in leaving unguarded and unprotected at the corner of Ash street and Highland avenue in the city of Norwood an apparatus consisting of a pulley and wire cable passing through the same. The pulley and the wire cable were used by defendant in the moving of a house on a public street of Norwood.
There was no question made of the right of defendant to be in the street and to have his apparatus therein.
Defendant, Joseph Habenstreit, is a contractor in the business of moving houses, and on the 9th of August, 1915, and for some time prior thereto, was moving a two-story frame house eastward along Highland avenue between Marion avenue and Ash street. The house was being moved by horsepower and a series of pulleys and a cable. The horsepower was stationed in the center of Highland about one hundred and twenty-five or one hundred and fifty feet west of Ash street, and at the time the injuries complained of were incurred by the boy the house was 'about one hundred feet west of Ash street. The defendant attached a large steel or iron pulley by means of a chain to an electric light pole which was stationed on the north side of Highland avenue directly opposite the curb line on the east side of Ash street and a few inches north of the curb line on Highland avenue. Ash street terminates in Highland avenue on the south side. The pulley was attached to the pole about nine to twelve inches from the ground. The pulley was of iron, having a wheel about eleven inches in diameter *25 revolving on a spindle which was attached at either end to a steel or iron stirrup, and the stirrup was fastened to a snatch'block to which'a large iron or steel hook was attached. The hook was hooked in a link of the chain which was wrapped around the electric light pole. The cable was of steel about five-eighths of an inch in diameter. One end of the cable was attached to the drum of the horsepower and the other was attached to a series of pulleys and attached to the house, and the horse in walking around caused the drum to revolve and the cable to wind upon the drum. When the pulley and cable were operated they made a squeaking noise. There were no guards or protection about the pulley- or cable, and the apparatus was elevated a short -distance above the street.
The nearest person to the pulley was the man who was driving the horse, at the horsepower, about one hundred and fifty feet away from the pulley. The neighborhood in which the house was being moved was a strictly residential district and children were accustomed to..piay in the street at this point, and this fact was known to the contractor.
■This boy, Harold Rose, was about four years of age, and in some manner not clearly shown by the record the fingers of his right hand were caught in the pulley and cut off.
:It is-claimed in this case that the defendant is! liable on the ground that the apparatus being operated was an attractive nuisance left in a public street unguarded and unprotected.
At the conclusion of the plaintiff’s evidence the trial court instructed a verdict for the defendant *26 and judgment was rendered upon that verdict. It is now sought to reverse that judgment in- this -court.
The only question involved in this case -is whether or not defendant is liable for leaving in the street unguarded and unprotected an apparatus which is claimed to be an attractive nuisance, as a result whereof a young child not having reached years of discretion was meddling therewith and was injured.
iWe are of the opinion that the trial court did not err in instructing a verdict for the defendant in this case. The doctrine of attractive nuisance has been fully considered in the case of Railroad Co. v. Harvey, 77 Ohio St., 235. Practically every case 'involving the doctrine of attractive nuisance has been collected and commented upon by the learned judge who announced the- opinion of that court. That is what is known as “the turntable case,” and it was distinctly held in -that -case that the railroad company was “not liable to an infant who comes upon -its premises without invitation and who is injured there while playing, without its knowledge, with a turntable. The doctrine of the turntable cases is disapproved. Harriman v. Railroad Co., 45 Ohio St., 11, distinguished.”
Now in the case at bar there is no question raised as to defendant’s right to maintain his apparatus in the street, -and -when the child, Harold Rose, meddled with the apparatus, as he must have done if he was injured thereby, we hold that he was as much a trespasser on the apparatus of the defendant as if -the apparatus had been on private property -owned by the defendant.
*27 If under the case just cited, Railroad Co. v. Harvey, there could be no recovery, there could be no recovery by the plaintiff in this case were he an adult or person who had reached years of discretion. We can see no difference between a case where property is meddled with or interfered with in a public street where the owner of the property had a right to have the same or maintain the same, and its being meddled with on private property. It is as much a trespass for the child to meddle with an.apparatus properly in a public street as if it were on private property. It is true the child had a right to be on the street, but it had no right to meddle with the apparatus of the defendant, and when it did so it was a trespasser as much as though it had stepped out of the highway on to private property- and meddled with an apparatus that might be there located.
Several cases are cited by plaintiff in error from other states in which it is held that the doctrine of attractive nuisance does apply where the injury occurs in a public street. But upon examination of these authorities it will be found that they are announced in states in which the doctrine of attractive nuisance on private property is still upheld.
While this doctrine of attractive nuisance is still the law in many states, there are other court's, in other states of equal prominence, that have discarded the doctrine as applied to property in a public highway. We think that upon reason and upon the weight of authority it must be held that the doctrine of attractive nuisance is exploded and discarded, not only by the court's of many states’ *28 entitled to great weight and consideration, but also in our own state.
In the case of Friedman v. Snare & Triest Co., 71 N. J. L., 605, the court denied the liability for injuries to a little girl between four and five years of age, who had been injured while playing upon some iron girders that fell upon her while playing upon them in the street where they had been placed by an abutting property owner for use in the construction of a building.
In Ryan v. Towar, 128 Mich., 463, a little girl twelve years of age was in the habit of passing a pumping house upon the way to school with her brothers and sisters, going across lots through the field because it was nearer. For some time previous to the time of the accident a hole existed in the stone wall of the house enclosing the wheel, through which the children went to play on the wheel. On the day in question the brothers of the plaintiff on the way from school crawled through this hole and mounting the wheel were able by their weight to turn the wheel part way round and back. A younger sister aged eight got caught between the wheel and the wheel pit, and the plaintiff heard her screams and went through the hole to her aid and was herself injured. It was held in that case there was no liability on the part of the owner.
Many English and American cases are examined and commented upon in that case. Judge Hooker in deciding the case used this language, at page 470:
“Here we have the doctrine of the Turntable Cases carried to its natural and logical result. We *29 have only to add that every man who leaves a wheelbarrow, or a'lawn-mower, or-a spade upon his lawn; a rake, with its sharp teeth pointing upward, upon the ground or leaning against a- fence; a bed of mortar prepared for use in his new house; a wagon 'in his barnyard, upon which children may climb, and from which they may fall; or who turns in his lot a kicking horse or a cow with a calf, does so at the risk of having the question of his negligence left to a sympathetic jury. How far does the rule go? Must his barn door and the usual appertures through which the accumulations of the stable are thrown, be kept locked and fastened, lest 12-year-old boys get in and be hurt by the animals, or by climbing into the haymow and falling from beams? May a man keep a ladder, or a grindstone, or a scythe, or a plow, or a reaper, without danger of being called upon to reward trespassing children, whose parents owe and may be presumed to perform the duty of restraint? Can a man nowadays 'safely own a small lake or fishpond? and must he guard ravines and precipices upon his land? Such is the evolution of the law, less than 30 years after the decision of Railroad Co. v. Stout, when, with due deference, we think some of the courts left the solid ground of the rule that trespassers can not recover for injuries received, and due merely to negligence of the persons trespassed upon.”
If we are to apply the doctrine of attractive nuisance to property lawfully left in the street, although the same may not be a nuisance in itself and be left there as a matter of right, it appears to us that we are relieving the parents and natural *30 guardian of children from the duty which they owe to care for them and watch over them, and placing the burden, of watching over the welfare of the children and protecting them from danger upon strangers who owe no such natural duty to them.
We do not think it profitable or expedient to cite the numerous cases that have, arisen in .-which the doctrine of attractive nuisance has been discussed'. The case of Fitzgerald v. Rogers, 68 N. Y. Supp., 946, seems to be strong enough to warrant this court in sustaining the ruling of the court below in arresting this case from the jury. The facts in that case are go similar to the facts in the case before us that we might very well affirm the judgment below upon the authority of this case. It was sought to recover damages in that case from-the defendant, a contractor employed by the city of New York to construct a sewer in Longwood avenue. In excavating, the trench in which the sewer was to be- laid the defendant made use of a machine or apparatus known as a winch, by which fragments of stone were lifted from the excavation ■to the surface of the land. This apparatus consisted of a framework in which was a drum. There was a cable attached to the drum, and a boom or sweep fastened to the upper end of the drum. In lifting stone from the trench a horse was hitched to the boom or sweep, and by the process of winding the cable around the drum the 'stone to -which one end of the cable was fastened was brought to the -surface. The infant son of the plaintiff saw some boys playing With this apparatus. The boom or sweep was attached to the drum and in place and the -boys were pushing the *31 boom, thus causing the drum to revolve and the .cable to -wind around it. The defendant’s workmen had been 'using the machine some time prior to the happening of the accident. The infant son of the plaintiff, about ten years of age, got upon the boom and sat upon it while it was being moved, and his feet slipped and his leg was caught in the cable and he sustained injury. The complaint was dismissed upon the trial, and from the judgment entered upon such dismissal an appeal was taken to the appellate division of the supreme court of New York. In deciding the case, Patterson, J., for the court, uses this language, at page 948:
“The contention of the plaintiff appears to be that when it was left in the street unguarded, and unprotected, and without a warning, it became a nuisance, particularly to children playing in the •highway, and who would be tempted or enticed to play with it. The machine was not in itself dangerous [and the same may be said of the apparatus used by the defendant in the case at bar]; it did not in itself constitute an unlawful obstruction in the highway; nor was it of such a character that, even if left 'with the boom or sweep attached to the drum, it could be found by a jury, from that circumstance alone, that it was dangerous, and a temptation or enticement- to children of tender years to play with it, and that the natural and probable result of their so playing would be injury to them. Even where liability is sought to be imposed upon a defendant upon the ground of negligence under such circumstances as appear in this case, it must be shown not only that the apparatus with which the chi-ld -was playing was dangerous, *32 but that it was of such a character as would induce or allure children to play with it. The evidence in this case -did not warrant the submission of the question to the jury. It could not be found that the machine was left in a dangerous condition, nor that it was of such' a character as to lead the defendant or his servants to believe that it would be used by children in play. If the apparatus had been left upon private premises in the condition claimed by the plaintiff, it would have no more constituted a temptation to children than did the turntable in Walsh v. Railroad Co., 145 N. Y. 301, 39 N. E. 1068, and Daniels v. Railroad Co., 154-Mass. 349, 28 N. E. 283, 13 L. R. A. 248. The ■ fact that the defendant’s trench was in a projected public street does not change the rule. In Gay v. Railway Co., 169 Mass. 242, 34 Ñ. E. 258, the car upon which the plaintiff’s intestate was playing when he received'the injuries which resulted in his death was, and for some days had been, standing in an open -and exposed place, namely, in one of the streets or public highways of a city.-
. “The complaint was properly dismissed, arid the judgment should be affirmed, with costs.”
'While it may be said that the supreme -court of our state has not yet squarely decided that the doctrine of attractive nuisance does not apply where property is left in a public highway, nevertheless, upon the weight of the authorities decided by this state, we are convinced that there can be no distinction made between trespassing upon private property and upon property properly and lawfully left in a public highway.
*33 We think it a wholesome rule to apply that the parents and guardians of 'children should not be permitted to relieve themselves of the duty which ■the law imposes upon them of looking after the ■safety of their 'children, not only on private property, but upon public streets; and the rule laid down in Railroad Co. v. Harvey, supra, will be held to extend to property lawfully in public streets as well as to that upon private property.

Judgment affirmed.

Jones, P. J., concurs.