MINNIE BROWN, Administratrix, etc., of HERMAN BROWN, Deceased, Respondent, *v.* THE AMERICAN MANUFACTURING COMPANY, Appellant.

Third Department, June 27, 1924.

Negligence — action to recover for death of plaintiff's intestate, boy fourteen years old, who was killed when he climbed tower and came in contact with electric wires — tower was in yard of tenement house but on defendant's premises — no proof that children frequently had climbed tower with defendant's knowledge — child was trespasser and defendant is not liable.

In an action to recover for the death of a boy fourteen years of age who was killed when he climbed a tower and came in contact with high tension electric wires belonging to the defendant, a judgment in favor of the plaintiff will be reversed and the complaint dismissed where it appears that the tower on which the wires were placed was in the yard of a tenement house but on the defendant's premises; that while children played around and occasionally climbed a short distance up the tower, there was no evidence that children frequently climbed up the tower, or that the defendant, whose plant was not near the tower, had knowledge that the children were in the habit of climbing on the tower.

The child was a trespasser when he climbed on the tower and the defendant owed him no duty to prevent him from climbing thereon since the tower was so constructed and the wires so strung that it could not be anticipated that immature children would climb the tower and reach the wires.

APPEAL by the defendant, The American Manufacturing Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on or about the 23d day of October, 1923, upon the verdict of a jury for $2,560, and also from an order entered in said clerk's office on or about the 15th day of October, 1923, denying the defendant's motion for a new trial made upon the minutes.

*Rowe & Walsh* [*A. F. Walsh* of counsel], for the appellant.

*Henry F. Toohey*, for the respondent.

Van Kirk, J.:

The deceased, a boy about fourteen years of age, was killed by coming in contact with high tension electric wires belonging to the defendant, which wires extended from its power plant to its manufacturing plant. Upon its own property it erected a steel tower thirty feet high, at the top of which the wires were strung. The tower was a tripod, with the feet resting upon concrete bases. Extending between the legs were horizontal strips of steel, the lowest of which was about six feet above the top of the concrete base. There were also diagonal pieces or braces crossing at the centers, the lowest of which rested on the concrete base. Upon one of the legs there were pegs, or foot-rests, for climbing, the lowest of which was ten or eleven feet from the top of the base. No part of this steel tower was charged with electricity. The deceased had climbed to the top and there came in contact with the wire. The tower was erected in the yard of tenement houses and the children of tenants were accustomed to play in the yard. On one occasion, two boys or young men, visiting one of the tenants, had climbed to the fourth crosspiece or horizontal and there had their pictures taken. Two children said they had at times seen children climb on this tower, but on no occasion had they gone as high as did the boys who had their pictures taken. There is no proof that children frequently climbed upon any part of the tower. There was nothing about the construction that would cause the defendant or its officers to apprehend that children would climb the tower, or would be likely to come in contact with the high tension wires; and there were no marks or evidences upon any part of the tower which by inspection would disclose that children had climbed there.

The defendant was within the exercise of its legal right when it erected this tower upon its own premises. The tenants had the right to be upon the premises near and about the base of the tower, but when they went upon the tower they became trespassers. Had the injured person been an adult, he would have had the right of a trespasser only and the defendant would not have been called upon to protect him against dangers existing in the tower. He would be a law breaker and the owner would be justified in presuming that he would obey the law. The deceased was likewise a trespasser and as to him as such the owner has disregarded no duty. It is claimed however, that the tower was an enticement to the infant; that it was such a device as acted as a lure to the

boy and this was of a like effect as an invitation to an adult and the boy stood as an invitee; that the danger from contact with the high tension wires was not appreciated by the boy and the duty rested upon the defendant to protect him against injury by such contact. The defendant owed no duty to watch and inspect the tower to protect climbing children. Under the circumstances no knowledge may be fixed upon the defendant by implication of law. The tower was so constructed and the wires strung at such a height that one would not anticipate that immature children would climb it and reach the wires. There is no proof that the defendant knew children did climb the tower. The proof does not show such frequency of climbing as would justify a finding of knowledge thereof in the defendant by implication of fact. The tower was not in proximity to the plant of the defendant and none of its officers or employees were frequently in the neighborhood where they would be likely to know if the practice of climbing the tower existed; and there is no proof that at any time any child had climbed the tower, except in its lower parts; no proof that any child had before gone near the wires.

Cases involving structures in public places are not parallel to this case. We do not think that the evidence discloses that this defendant failed in any duty which it owed to the deceased. The child was a licensee upon the premises, but he was a trespasser when he went upon the tower. The defendant was engaged upon its own land in simply doing that which was necessary in carrying on its business properly, and negligence may not be imputed to it because it failed to exercise the highest vigilance to hinder children from doing that which it had no reasonable ground to anticipate they would attempt to do. There is an absence of any proof upon which a jury could be permitted to find negligence. (*Walsh* v. *Fitchburg R. R. Co.*, 145 N. Y. 301; *Fitzgerald* v. *Rodgers*, 58 App. Div. 298; *Flaherty* v. *Metro Stations, Inc.*, 202 id. 583; affd., 235 N. Y. 605; *Bonniwell* v. *Milwaukee Light, Heat & Traction Co.*, 174 Wis. 1; *United Zinc Co.* v. *Britt*, 258 U. S. 268; *Adams* v. *Bullock*, 227 N. Y. 208.)

The judgment should be reversed and the complaint dismissed, with costs.

All concur.

Judgment and order reversed on the law and complaint dismissed, with costs.