PETER BEICKERT, an Infant, by JOHN J. BEICKERT, His Guardian ad Litem, Respondent, *v.* G. M. LABORATORIES, INC., Appellant.

Negligence — New York city — infant injured from burning of films picked up near defendant's plant and carried away — no recovery unless article inherently dangerous — result or cause of accident not reasonably to be anticipated — ordinance of city of New York forbidding storage of scraps of nitrocellulose not applicable.

1. Plaintiff, an infant, who was burned by the ignition of some pieces of film, which he and another small boy had picked up in a lot in the rear of defendant's plant, cannot recover therefor against

defendant, where it appears that the films had been taken there by its servant for the purpose of destroying them by burning, during the course of which small pieces escaped into the air and finally settled down upon the ground and that the plaintiff and his companion, who had not been invited there, picked up these small pieces without leave of defendant, carried them away and either by accident or design lighted them. Such a result could not have been reasonably anticipated by defendant. Furthermore, the rule is settled that a plaintiff cannot recover in cases of this character unless the article which causes the injury is inherently dangerous. These pieces of films were not inherently dangerous and only became so when ignited. (*Travell* v. *Bannerman*, 174 N. Y. 47, distinguished.)

2. Section 2 of article 9 of the Code of Ordinances of the city of New York forbidding the storing or keeping of scraps of nitro-cellulose products in quantities greater than three hundred and fifty pounds has no application. The films were not stored in the lot and there was no proof of their weight or that they were nitro-cellulose products within the meaning of the ordinance.

*Beickert* v. *G. M. Laboratories, Inc.*, 213 App. Div. 834, reversed.

(Argued January 18, 1926; decided February 24, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 27, 1925, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial.

*John Godfrey Saxe, James J. Mahoney* and *Karl W. Kirchwey* for appellant. There is not a scintilla of evidence in the record that the films were in any respect inherently dangerous. Plaintiff cannot recover from another for injuries caused by his misuse of articles which he does not and cannot prove to have been inherently dangerous. (*Walsh* v. *Fitchburg Railroad Co.*, 145 N. Y. 301; *Hall* v. *N. Y. Telephone Co.*, 214 N. Y. 49; *Flaherty* v. *Metro Stations, Inc.*, 202 App. Div. 583; 235 N. Y. 605; *Beetz* v. *City of Brooklyn*, 10 App. Div. 382; *Coleman* v. *Graves Co.*, 39 Misc. Rep. 85; *Fitzgerald* v. *Rodgers*, 58 App. Div. 298; *Powers* v. *Owego Bridge Co.*, 97 App. Div. 477; *Middleton* v. *Reutler*, 141 App. Div.

517; *Kane* v. *Erie R. R. Co.*, 110 App. Div. 7; *Kelly* v. *Smith*, 29 App. Div. 346; *Hall* v. *International Ry. Co.*, 227 N. Y. 619; *Maloney* v. *Kaplan*, 233 N. Y. 426; *Parkes* v. *New York Tel. Co.*, 120 Misc. Rep. 459.)

*Olin A. Foster* and *B. J. Lynam* for respondent. The placing of the film, attractive to children, in a lot adjoining defendant's premises, where children were in the habit of congregating, and where they saw it burned, established *prima facie* the negligence of the defendant. (*Travel* v. *Bannerman*, 174 N. Y. 51.) The violation of the Code of Ordinances of the city of New York is negligence in itself. (New York City Code of Ordinances, art. 19, § 2; *Martin* v. *Herzog*, 228 N. Y. 6; *Clark* v. *Doolittle*, 205 App. Div. 697.)

McLAUGHLIN, J. Action on behalf of an infant, by guardian *ad litem*, to recover damages for personal injuries alleged to have been caused by defendant's negligence.

The infant, whose age at the time of the accident is not disclosed by the record, was burned by the ignition of some scraps or pieces of motion picture films. The facts connected with the burning of these pieces of films are substantially as follows: It is claimed that on the 6th of June, 1921, Peter Beickert, the infant who was injured, with one Tommy O'Brien, aged seven years, went to a vacant lot adjacent to and in the rear of the defendant's plant in Long Island City and there picked up some loose pieces of motion picture films and put them in a tin can. The two boys then went back to the yard adjoining the house in which the O'Brien boy lived, and there they were joined by Tommy's brother Stephen, aged nine years. In this yard the boys had constructed a rude sort of a tent into which they went. While in the tent, according to the testimony of the infant plaintiff, a piece of film was lighted and after it had been ignited it fell

1926.]        Opinion, per McLAUGHLIN, J.        [242 N. Y. 168]

into the can where the other pieces were. There is a sharp conflict between the testimony of the infant plaintiff and Stephen O'Brien as to how the pieces of films in the can were ignited. Peter testified that the lighting of the films in the can was accidental; that a match was lighted for the purpose of enabling the boys to see the pictures on the films; that while they were in the act of doing so, a piece of film caught fire and fell into the can, and thus the ignition took place. Stephen O'Brien testified that the films were deliberately lighted for the purpose of making smoke.

The plaintiff's witness Powers, who had been discharged by the defendant or, as he stated, " laid off," testified as to just how these films came to be in the vacant lot. He stated that while he was employed by the defendant at its plant, his duties were, in part at least, the sweeping of different rooms each morning; that he put in a fibre container in each room any pieces or scraps of films which he found; that he then dumped the contents of these containers into a large container and took the large container out into the vacant lot and burned the films; that the purpose of burning the films was to reclaim silver which had been used in making the films; that in the process of burning small pieces of the films would sometimes be carried into the air and would then settle down on the vacant lot. It was these pieces of films that the boys picked up.

' The judges of the Appellate Division, it would seem, misapprehended the force of this testimony and a majority of them held, as appears from the opinion, that the defendant was liable because it stored the films in this lot without taking any precaution to prevent injury to young boys who might be playing therein. The uncontradicted evidence is that the defendant did not store films in the vacant lot. On the contrary, its purpose was to burn them and thereby reclaim whatever silver had been used in the making of them.

There was no evidence that the films were of themselves inherently dangerous; in fact, they were not dangerous unless brought in contact with fire. If that were done, of course they would be easily ignited.

There was evidence to the effect that there was in the immediate vicinity another plant and vacant lot of the same character as the defendant's to which the boys were accustomed at times to go and gather film scraps, though it is a fair inference that the scraps in question were picked up in the vacant lot used by the defendant.

After a careful consideration of the record I am unable to see any basis for a judgment holding the defendant liable for the injuries sustained by the infant plaintiff on the ground that the same were caused by defendant's negligence. The rule seems to be thoroughly settled, at least in this State, that a plaintiff cannot recover in cases of this character unless the article which causes the injury is inherently dangerous. These pieces of film were not inherently dangerous, and only became so when they were ignited.

In *Flaherty* v. *Metro Stations, Inc.* (202 App. Div. 583; affd., 235 N. Y. 605) the defendant had two large oil tanks in an open lot about one hundred and twenty-five feet from the street. One of these tanks was used for gasoline. The tanks were not inclosed. There was a private right of way leading to the tanks, and delivery wagons were from time to time filled from them. In addition, the defendant kept an open milk can, which was filled with gasoline, on a platform near the tanks. There was evidence to the effect that young boys were in the habit of playing in the lot near the tanks and on the platform and that on occasions they had taken gasoline from the open milk can and had used it to start fires. The evidence also showed that the defendant's superintendent knew or should have known that young boys were in the habit of going there and doing what

they did.   The plaintiff, nine years of age, with two other small boys built a bonfire.   They then went to the defendant's lot and took some gasoline from the milk can and carried it away in a can which they found in that vicinity.   On their way back to the bonfire, they threw some gasoline on each other's clothing and when they reached the fire they poured some gasoline on it.   The gasoline flashed up and set the plaintiff's clothing on fire, and in that way he was injured.   The Appellate Division reversed the judgment entered upon a verdict for the plaintiff, and dismissed the complaint on the ground that the defendant was not liable, and this court affirmed that determination.   That action was brought and, at the Trial Term, maintained on the theory that it was negligent for the defendant to leave gasoline in the open milk can at a place where boys were in the habit of going.   This court held that the action could not be maintained; that the facts did not establish that the defendant was negligent in any respect.

In *Hall* v. *New York Telephone Co.* (214 N. Y. 49) the defendant's employees left a bottle of denatured alcohol in the public highway.   The plaintiff's brother, aged seven years, saw defendant's employees use the alcohol in an alcohol lamp.   Shortly thereafter he and the plaintiff, aged nine years, found the bottle, took it home, poured some of the alcohol on the grass, plaintiff's brother lighted the grass, the grass flamed up and burned the plaintiff.   A judgment in favor of the plaintiff, affirmed by the Appellate Division, was reversed, this court saying:   " The contention of the plaintiff appears to be that the act of the servants of the defendant in leaving the bottle of alcohol in the highway constituted negligence. It must be conceded, however, that the alcohol left untouched by the boys was not of necessity dangerous. Neither was it such an apparatus or article as would induce or allure children to play with it.   In order to hold the defendant responsible for the result of this accident

it must be found that the accident was the natural and probable consequences of the act of the servant in having left the alcohol upon the highway. The law requires that the injury must so directly result from a wrongful act that, according to common experience and the usual course of events, it might under the particular circumstances have reasonably been expected." (See, also, *Walsh* v. *Fitchburg R. R. Co.,* 145 N. Y. 301; *Beetz* v. *City of Brooklyn,* 10 App. Div. 382; *Fitzgerald* v. *Rodgers,* 58 App. Div. 298; *Perry* v. *Rochester Lime Co.,* 219 N. Y. 60.)

The facts in the instant case do not show that the result or cause of the accident could have been reasonably expected by the defendant. It had a right to burn the films in the vacant lot. It was not there storing such films. No person could reasonably be expected to foresee that while the films were being burned small pieces would be carried into the air and later settle upon the ground; that they would be picked up by small boys who had not been invited there, carried away, and then either by accident or design lighted. To hold defendant liable under such circumstances would be contrary to the great weight of judicial authority, and contrary to reason and common sense.

In reaching the foregoing conclusion I have not overlooked *Travell* v. *Bannerman* (174 N. Y. 47). That case is clearly distinguishable from the present one. There it appeared that the defendant was the proprietor of a gun and ammunition factory and adjoining the factory was an unfenced lot, which was and for some time had been used as a playground by the plaintiff, and other small boys; that the defendant stored or placed in this lot a cake of gunpowder and a cannon primer; that one of the boys found the powder and primer and proceeded to extract the brass imbedded in it and in doing so it exploded, and he was injured. Obviously, the defendant could not expose young children to such a risk. He knew

the boys were in the habit of playing in this lot and he knew, or was bound to know, of the dangerous character of the material if force were applied to it.

In the present case, as already indicated, the films were not stored in the lot in question; they were taken there for the purpose of destroying them, and as a mere incident to the destruction small pieces escaped into the air and finally settled down upon the ground. The plaintiff was not invited there; he was where he ought not to have been; he and his companion picked up these small pieces without leave of the defendant, carried them away and, either by accident or design, lighted them. These results the defendant was not bound to anticipate.

It is also urged that article 9, section 2, of the Code of Ordinances of the city of New York was violated. This ordinance reads: " No person shall store or keep scraps, cuttings, shavings, sawdust or other refuse material of nitro-cellulose products in quantities greater than three hundred and fifty pounds, and all such scraps, cuttings, shavings, sawdust and refuse material shall be immediately removed and transported beyond the city limits." This ordinance has no application. The films were not stored in this lot. There is no proof that they weighed three hundred and fifty pounds nor, in fact, is there any proof bearing on that subject or that they were material of nitro-cellulose products within the meaning of the ordinance.

The order of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., POUND, CRANE, ANDREWS and LEHMAN, JJ., concur; CARDOZO, J., absent.

Ordered accordingly.