PATTERSON, J.
—Whenthis case was before the general term on a former appeal (84 Hun, 55, 31 N. Y. Snpp. 1080), it was held that the plaintiff was not a trespasser upon the premises, and also that there was evidence which should have been submitted to the jury respecting the negligence imputed to the defendant in consequence of the construction and operation of the elevator. The attention of the court was more particularly directed to those two questions, although it also considered the subject of the degree of care required from an infant of the plaintiff’s age and understanding. But, upon the record that is now presented to us, it is made.to appear that the plaintiff, at the time the accident happened, was a boy eight years of age, who regularly attended public school in the city of New York, who studied arithmetic, reading, writing, anil spelling, and who was in the habit of playing in the city streets every day. It also appeared by the testimony of Ernest Eeich, the plaintiff’s own witness, who operated the elevator, that he was acquainted with the plaintiff, had seen him outside the premises prior to tho day of the accident, and that he had warned the boy of the consequence of putting his head over the elevator gate. His testimony upon that subject is emphatic, and is as follows:
“ Q. How many times did you tell the boy that ? A. About two or three- times. Q. Before the accident? A. Yes. Q. Did you ever tell him not to put his head over the gate ? A. Yes, I told him; I told him he would get hurt if he did.” *854 The case is therefore presented of a boy attending school, playing in the streets, distinctly warned not to do a particular act, and that, if he does, injury will ensue, doing that act, with full knowledge, and despite the warning he has received. We think the case is one which did not require the submission to the jury of any question as to the ability of the plaintiff to exercise ordinary care and prudence under, the circumstances, for he was old enough and intelligent enough to understand that the act he was warned against was one which would involve him in a peril; and, having done that which he was distinctly warned not to do, the consequences of his folly must be visited upon him, precisely as in any other case.
We think, upon the facts, the verdict was wrong, and that the judgment must be reversed, and the motion for a new trial granted, with costs to the appellant to abide the event.
All concur: