HENRY JACOBS, as Administrator of the Estate of CHARLES JACOBS, Deceased, Respondent, *v.* H. J. KOEHLER SPORTING GOODS COMPANY, Appellant.

Infants — negligence — degree of care to be exercised by infant, who is sui-juris, to avoid danger.

1. An infant, to avoid the imputation of negligence, is bound only to exercise that degree of care which can reasonably be expected of one of its age.

2. In an action to recover for the death of a boy fourteen years of age, who was killed by an automobile, the court properly charged that "The deceased was probably *sui juris;* but that does not mean that he must exercise the degree of care that an adult person must exercise, but he was charged with the duty of exercising the measure of care and caution that is common and usual with boys of that age," and properly refused to charge "That the burden of proof is upon the plaintiff to show that the deceased used the same degree of diligence in avoiding danger that would be exacted of an adult under the same circumstances."

*Jacobs* v. *Koehler Sporting Goods Co.,* 152 App. Div. 933, affirmed.

(Argued May 1, 1913; decided May 20, 1913.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered October 8, 1912, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Paul Bonynge* for appellant. The deceased, being over fourteen years of age, was chargeable with the same degree of care and caution as an adult, and the learned trial court erred in refusing to so instruct the jury. (*Tucker* v. *N. Y. C. & H. R. R. R. Co.,* 124 N. Y. 308; *McGrell* v. *Buffalo Office Bldg. Co.,* 153 N. Y. 265; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.,* 58 N. Y. 248;

*Murphy* v. *Perlstein*, 73 App. Div. 256; *Thompson* v. *B. R. Co.*, 145 N. Y. 196; *Zwack* v. *N. Y., L. E. & W. R. R. Co.*, 160 N. Y. 362; *Costello* v. *Third Ave. R. R. Co.*, 161 N. Y. 317; *Perez* v. *Sandrowitz*, 180 N. Y. 397; *Fox* v. *Le Comte*, 2 App. Div. 61.)

*Martin T. Manton* and *William H. Griffin* for respondent. The trial court correctly refused to charge that the deceased, being *sui juris*, was chargeable with the same degree of care and caution as an adult. (*Ardolino* v. *Reinhardt*, 130 App. Div. 119; *Swift* v. *Staten Island R. T. R. Co.*, 123 N. Y. 645; *Murphy* v. *Perlstein*, 73 App. Div. 256, 260; *Zwack* v. *N. Y., L. E. & W. R. Co.*, 160 N. Y. 362; *Simkoff* v. *Lehigh Valley R. Co.*, 190 N. Y. 256; *Costello* v. *Third Ave. R. Co.*, 161 N. Y. 317; *Marius* v. *Motor Delivery Co.*, 146 App. Div. 608; *Lafferty* v. *Third Ave. R. Co.*, 85 App. Div. 592; 176 N. Y. 594; *Wendell* v. *N. Y. C. & H. R. R. R. Co.*, 91 N. Y. 420; *Schreiner* v. *N. Y. C. & H. R. R. R. Co.*, 12 App. Div. 551.)

CULLEN, Ch. J. This action was brought by the father as administrator of a boy fourteen years of age, who was killed by the defendant's automobile, to recover damages for the death. It would be without profit to relate the circumstances of the accident. It is sufficient to say that both the negligence of the defendant's servant and the absence of contributory negligence on the part of the deceased were questions of fact. The case was, therefore, properly for the jury to determine.

But one question is presented by this appeal which we are required to notice. The learned trial judge charged: "The deceased was probably *sui juris*, as they call it; but that does not mean that he must exercise the degree of care that an adult person must exercise, but he was charged with the duty of exercising the measure of care and caution that is common and usual with boys of that

age." To this the defendant excepted and requested the court to charge: "That the burden of proof is upon the plaintiff to show that the deceased used the same degree of diligence in avoiding danger that would be exacted of an adult under the same circumstances." This was refused and the defendant excepted.

The learned counsel for the defendant insists that the decision of this court in *Tucker* v. *N. Y. Central & H. R. R. R. Co.* (124 N. Y. 308) justified and required the court to charge as requested, and that the refusal to so charge is error. In other words, he contends that the law of this state is that a child of the age of deceased, in the absence of evidence to the contrary, must be deemed to be *sui juris* and be held to the same degree of care and prudence that is required of an adult. That the deceased was *sui juris* is clear, but that an infant whenever he becomes *sui juris* is required to exercise the same degree of caution as an adult is not the law of this state, nor was it so decided in the *Tucker* case. We think the rules governing the contributory negligence of infants are very well settled by the decisions of this court, though these rules do not obtain in many other jurisdictions. An infant may be of such tender years as to be incapable of personal negligence. At such age the infant is termed *non sui juris,* but if not responsible for its own negligence, the negligence of its parents or guardians in suffering it to incur danger may be imputed to it. This is what is called the doctrine of imputed negligence. (*Hartfield* v. *Roper,* 21 Wend. 615; *Mangam* v. *Brooklyn R. R. Co.,* 38 N. Y. 455; *Kunz* v. *City of Troy,* 104 id. 344; *Birkett* v. *Knickerbocker Ice Co.,* 110 id. 504; *Weil* v. *Dry Dock, E. B. & B. R. R. Co.,* 119 id. 147.) Later, children emerge from this condition and are responsible for their failure to exercise reasonable care for their own protection. But they are not required to exercise the degree of care required of an adult, but only to exercise the degree expected

from one of its years. (*Sheridan* v. *Brooklyn City & Newtown R. R. Co.*, 36 N. Y. 39, 42; *Thurber* v. *Harlem Bridge, M. & F. R. R. Co.*, 60 id. 326; *McGovern* v. *N. Y. Central & H. R. R. R. Co.*, 67 id. 417; *Byrne* v. *N. Y. Central & H. R. R. R. Co.*, 83 id. 620; *Dowling* v. *N. Y. Central & H. R. R. R. Co.*, 90 id. 670; *Stone* v. *Dry Dock, E. B. & B. R. R. Co.*, 115 id. 104; *McCarragher* v. *Rogers*, 120 id. 526; *Swift* v. *Staten Island R. Tr. R. R. Co.*, 123 id. 645; *Zwack* v. *N. Y., Lake Erie & W. R. R. Co.*, 160 id. 362; *Costello* v. *Third Ave. R. R. Co.*, 161 id. 317; *Simkoff* v. *Lehigh Valley R. R. Co.*, 190 id. 256.) In the *Byrne* case an infant ten years of age was the plaintiff. Judge EARL there said: "An infant, to avoid the imputation of negligence, is bound only to exercise that degree of care which can reasonably be expected of one of its age," (p. 621) and the language of this learned judge has been cited with approval in the later cases.

The question when an infant ceases to be *non sui juris* and becomes responsible for its negligence has been the subject of some difference of views in this court. In the *Thurber* case it was held that the plaintiff, an infant of eight or nine years of age, was not *non sui juris*. In *Moebus* v. *Herrmann* (108 N. Y. 349), where the injured child was less than seven years old, the court treated the infant as if it was *sui juris*. There is a strong intimation that the trial court erred in that respect, but the error was harmless as the plaintiff recovered. It was with this doubtful question, of when an infant becomes *sui juris*, that the *Tucker* case was dealing, and it was there held, as already stated, that an infant over twelve years of age was presumed to be *sui juris*. True, it was also held in that case that being *sui juris*, the child was guilty of contributory negligence which barred its recovery; but that ruling did not import, nor does the opinion declare that the measure of care required of an infant is the same as that of an adult. Of course, when

an infant becomes responsible for its own negligence, the question whether its conduct constitutes negligence or not, like the question of negligence in regard to an adult may be a question of law or may be a question of fact. But even when determined as a question of law, the condition of the party injured is to be considered. All that was decided in the *Tucker* case was that the conduct of the plaintiff was so careless as to constitute negligence even in the case of an infant twelve years of age. The case of *Thompson* v. *Buffalo Ry. Co.* (145 N. Y. 196, 199) is of a similar character. There the administrator of an infant aged fourteen was non-suited for the contributory negligence of the deceased, but the rule applicable to the case is very clearly stated by Judge HAIGHT: "Although a minor, no claim is made that Alcy was not *sui juris*. Whilst she may not have possessed the judgment, caution and prudence of persons of more mature years, she was expected and required to exercise the measure of care and caution that is common and usual in one of her age." The action was defeated because the deceased did not exercise the care to be expected of one of her age, not that to be expected from an adult. There is but one authority in this court in support of the contrary rule, that of *Honegsberger* v. *Second Ave. R. R. Co.* (1 Keyes 570), the doctrine of which was expressly repudiated in *Thurber* v. *Harlem B., M. & F. R. R. Co.* (*supra*). The charge of the trial court was, therefore, correct.

There doubtless comes a time in the life of a child when, though still in law an infant, it reaches such maturity that no distinction on account of age can be drawn in its favor. It is not necessary to determine what that time is. It is sufficient to say that, if a question of law and not of fact, the age is greater than that of deceased. The statutes of the state recognize this lack of judgment and responsibility on the part of immature persons. Thus it is forbidden to employ a child under the age of fourteen years in a factory under any circum-

stances, or a child between fourteen and sixteen without the employment certificate provided by the statute (Labor Law [Cons. Laws, ch. 31], § 70), while a criminal act which would be a felony if committed by an adult, is only a misdemeanor when committed by a child under the age of sixteen.    (Penal Law [Cons. Laws, ch. 40], § 2186.)

The judgment should be affirmed, with costs.

WILLARD BARTLETT, HISCOCK, CHASE, COLLIN and HOGAN, JJ., concur; WERNER, J., absent.

Judgment affirmed.