JACOB DANIEL MYERS, JR., an Infant, by JACOB MYERS, His Guardian ad Litem, Respondent, v. THE BROOKLYN HEIGHTS RAILROAD COMPANY, Appellant.

Second Department, November 23, 1917.

Street railroads — negligence — injury to child struck by car while crossing tracks in street after waiting for car going in opposite direction to pass — contributory negligence — evidence.

In an action for personal injuries to a boy eight years of age, struck by one of defendant's cars while crossing its double tracks in a city street, it appeared that the plaintiff after looking in each direction waited for a south-bound car to pass, then crossed the track on which it was proceeding and was struck by a car running very fast on the north-bound track and which he had not seen. Evidence examined, and held, to establish that the defendant's motorman was negligent and that the plaintiff used such a reasonable degree of care as the law required of a person of his age and intelligence.

APPEAL by the defendant, The Brooklyn Heights Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of

Kings on the 17th day of October, 1916, upon the verdict of a jury for $10,000, and also from an order entered in said clerk's office on the 31st day of October, 1916, denying defendant's motion for a new trial made upon the minutes.

*D. A. Marsh [George D. Yeomans* with him on the brief], for the appellant.

*M. L. Malevinsky,* for the respondent.

RICH, J.:

This appeal is from a judgment in favor of the plaintiff in an action to recover for serious personal injuries alleged to have been received through the negligence of defendant's employees in the operation of one of its cars which collided with the plaintiff. The appellant argues that the plaintiff failed to prove his freedom from contributory negligence, and that he failed to prove negligence on the part of defendant's motorman. The jury have found the defendant negligent, we believe correctly so, the verdict is not excessive, and the only question for our consideration here relates to contributory negligence.

The plaintiff was eight years old at the time of the accident, which occurred between half-past six and seven o'clock P. M. on March 10, 1915, as he was crossing Thirteenth avenue at Eighty-fourth street in the borough of Brooklyn. The defendant, at that point, operates a double-track trolley road through Thirteenth avenue. Its tracks turn into said avenue at Eighty-sixth street, two blocks south of Eighty-fourth street, the place of the accident. The plaintiff resided with his parents on Eighty-fourth street west of the avenue. On the day of the accident he had been playing with other children in some vacant lots between Eighty-third and Eighty-fourth streets. It was necessary to cross the avenue in order to reach his home, and he testifies that when he reached the avenue, and while crossing the sidewalk, he looked towards Eighty-sixth street, two blocks away, and saw no car; he looked towards Eighty-third street and saw a south-bound car just coming to a stop at the intersection of that street. He had been directed by his mother always to look for approach-

ing cars before attempting to cross a street and never to cross in front of a car, and he had observed these directions. Upon seeing the car at Eighty-third street, 260 feet away, he stepped into the gutter and remained standing there until that car reached the Eighty-fourth street crossing, when he walked towards the car tracks, and, as the car passed him, crossed the track on which it was proceeding, and was struck or collided with a car approaching from the north, which he had not seen. The distance from the right rail of the north-bound track at Eighty-sixth street to the place of the accident is approximately 547 feet, and the distance from where the south-bound car stopped to the place of the accident is approximately 260 feet. It appears from the testimony of the motorman that when the north-bound car turned into Thirteenth avenue, the south-bound car was at Eighty-third street, so that the north-bound car traveled 547 feet while the south-bound car went 260 feet. Two disinterested witnesses testified that the car was running very fast — much faster than usual. The motorman of the north-bound car testified that at a rate of speed of five miles an hour he could stop his car in from 15 to 20 feet, yet the preponderance of the testimony is that he did not succeed in coming to a stop until his car had passed over a distance of from 50 to 90 feet, although he testifies his airbrakes were in perfect condition and that they were immediately applied. The car was approaching " very fast." Plaintiff looked in the direction from which it was approaching once. He exercised some care, and it was for the jury to determine whether he exercised the degree of care which would be expected of a child of eight years of age and of his intelligence. (*Jacobs* v. *Koehler S. G. Co.,* 208 N. Y. 416.) They have found that he did, and in this view we concur. Our attention is called to the case of *Zucker* v. *Whitridge* (205 N. Y. 50). The plaintiff's intestate in that case was held to be guilty of contributory negligence as a matter of law, but the deceased was at the time of the accident a man in the prime of life and in the full possession of his faculties, and this differentiates the case at bar.

The conclusions of the jury that defendant's motorman was negligent, and that the plaintiff used such a reasonable degree of care as the law required of an eight-year-old child

of plaintiff's intelligence, are sustained by the evidence, and the judgment and order should be affirmed.

The judgment and order should be affirmed, with costs.

Present — JENKS, P. J., THOMAS, STAPLETON, RICH and PUTNAM, JJ.

Judgment and order unanimously affirmed, with costs.