GEORGE ROBERT MARTIN, an Infant under the Age of Fourteen Years, by JAMES W. MARTIN, His Guardian ad Litem, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

JAMES W. MARTIN, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

First Department, February 5, 1926.

Negligence — contributory negligence — action against city of New York by infant to recover for injuries suffered when he fell into unguarded cellar near street — plaintiff was playing on sidewalk when he stumbled in hole and against pipe and fell into cellar — plaintiff was not familiar with street — building was removed some time prior to accident — plaintiff was less than eleven years of age — child of that age not guilty of contributory negligence, as matter of law, in absence of willful and deliberate acts — question of contributory negligence properly submitted to jury.

In an action to recover damages suffered by the plaintiff, an infant less than eleven years of age, when he fell into an unguarded cellar bordering a street

in the city of New York, in which it appears that just prior to the accident he was playing on the sidewalk of the street and while running stumbled in a hole and against a pipe and fell into the unguarded cellar of a building that had been removed two years prior to the accident, and also that the plaintiff was not familiar with the location, it cannot be held, as a matter of law, that he was guilty of contributory negligence, for a child less than eleven years of age cannot be guilty of contributory negligence, as a matter of law, in the absence of deliberate and willful acts.

Therefore, the court properly submitted the question of plaintiff's contributory negligence to the jury.

MARTIN, J., and CLARKE, P. J., dissent, with opinion.

APPEAL in each of the above-entitled actions by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the respective plaintiffs, entered in the office of the clerk of the county of Bronx on the 28th day of November, 1924, upon the verdict of a jury in the first case for $5,000, and in the second case for $750.

*George P. Nicholson,* Corporation Counsel [*Elliot S. Benedict* of counsel; *John F. O'Brien* and *Charles C. Marrin* with him on the brief], for the appellant.

*Samuel F. Moran* [*Martin E. Burke* of counsel], for the respondent.

MERRELL, J. I think the judgments appealed from should be affirmed. Our attention is directed to no error occurring in the course of the trial. There is no attempt to excuse the palpable negligence of the defendant, city of New York. The only ground upon which the judgments are sought to be reversed is that the infant plaintiff, at the time of receiving his injuries, was guilty of contributory negligence as matter of law and that by reason thereof he cannot recover in the action. I cannot agree that under the evidence the plaintiff was guilty of contributory negligence as matter of law. The question as to the plaintiff's negligence was for the jury.

The infant plaintiff, a boy about ten years and eight months of age, on April 27, 1922, was playing tag with other boys on One Hundred and Fifty-second street in the borough of The Bronx. On the southwesterly side of East One Hundred and Fifty-second street where the plaintiff and his companions were playing there had been torn down two years before a brewery building, leaving along the southwesterly sidewalk of One Hundred and Fifty-second street the open cellar of the brewery building which had been torn down. There were no guards whatever along the sidewalk at the point where the plaintiff received his injuries. From the building line of what was formerly the brewery building extending into the sidewalk toward the curb was a hole two feet in depth and four feet in

width at its widest point. Just northerly of this hole in the sidewalk, an iron pipe two and a half inches in diameter and a foot and nine inches high stood vertically in the sidewalk. The plaintiff testified that one of his companions was chasing him and that he ran along the sidewalk to circle around his pursuer and get away from him, and that when he turned around to see how far his pursuer was behind him plaintiff's foot went into the hole in the sidewalk and he staggered and tried to catch himself, and that then his foot hit the pipe projecting above the sidewalk and he was thrown into the cellar excavation. A photograph taken three days after the accident and the undisputed testimony of the plaintiff, his father and two disinterested witnesses show that prior to the accident there were no guards either along the open cellar into which the plaintiff was precipitated, or about the hole into which the plaintiff stepped, or about the pipe upon which he tripped. The undisputed testimony also shows that the occasion when plaintiff was injured was the first time he had ever played upon One Hundred and Fifty-second street or been upon the sidewalk in front of the brewery building cellar. He had received no warning whatever of the existing conditions in the sidewalk and did not see the hole as he was running along. It is said in the dissenting opinion herein that the operations themselves constituted a warning that the pavement might have been disturbed. Perhaps this might be so if building operations were in progress, but such was not the fact and for months and probably for two years nothing had been done in the way of replacing the brewery building which had been torn down.

I do not think the infant plaintiff can be said to have been guilty of contributory negligence as matter of law. So far as I know the courts of this State have never held that a child under twelve years of age was guilty of contributory negligence as matter of law for failure to exercise proper care, except in cases where the child has committed some willful or deliberate act. Except in such a case, I know of no decision holding that a child of such immature age was guilty of contributory negligence as matter of law. On the contrary, the decisions of this court and of the Court of Appeals have uniformly held that no child under the age of twelve can be deemed guilty of contributory negligence as matter of law, except for deliberate and willful acts. (*Jacobs* v. *Koehler S. G. Co.*, 208 N. Y. 416; *Costello* v. *Third Avenue Railroad Co.*, 161 id. 317; *Dowling* v. *N. Y. C. & H. R. R. R. Co.*, 90 id. 670; *Byrne* v. *N. Y. C. & H. R. R. R. Co.*, 83 id. 620; *O'Mara* v. *Hudson River R. R. Co.*, 38 id. 445; *Swift* v. *Staten Island Rapid Transit R. R. Co.*, 123 id. 645.) In *Jacobs* v. *Koehler S. G. Co.* (*supra*) the Court of Appeals held

that the trial court properly charged the jury that " The deceased was probably *sui juris*, as they call it; but that does not mean that he must exercise the degree of care that an adult person must exercise, but he was charged with the duty of exercising the measure of care and caution that is common and usual with boys of that age." Chief Judge CULLEN, in the course of his opinion in *Jacobs* v. *Koehler S. G. Co.*, said (at p. 418): " That the deceased was *sui juris* is clear, but that an infant whenever he becomes *sui juris* is required to exercise the same degree of caution as an adult is not the law of this State, nor was it so decided in the *Tucker* case [*Tucker* v. *N. Y. C. & H. R. R. R. Co.*, 124 N. Y. 308]. We think the rules governing the contributory negligence of infants are very well settled by the decisions of this court, though these rules do not obtain in many other jurisdictions. An infant may be of such tender years as to be incapable of personal negligence. At such age the infant is termed *non sui juris*, but if not responsible for its own negligence, the negligence of its parents or guardians in suffering it to incur danger may be imputed to it. This is what is called the doctrine of imputed negligence. [Citing cases.] Later, children emerge from this condition and are responsible for their failure to exercise reasonable care for their own protection. But they are not required to exercise the degree of care required of an adult, but only to exercise the degree expected from one of its years." (Citing cases.)

In *Dowling* v. *N. Y. C. & H. R. R. R. Co.* (*supra*) the Court of Appeals, concerning an infant of the age of nine years, said (at p. 671): "An infant, to avoid the imputation of negligence, is bound only to exercise that degree of care which can reasonably be expected of one of its age, and in passing upon the question of contributory negligence the age of the infant, with all the other circumstances in the case, is to be considered by the jury."

In *Byrne* v. *N. Y. C. & H. R. R. R. Co.* (*supra*) the infant plaintiff at the time of receiving her injuries was like the infant plaintiff in the case at bar, between ten and eleven years of age. It was claimed that the infant plaintiff was guilty of contributory negligence as matter of law and, therefore, could not recover in the action. The Court of Appeals held otherwise, saying (at p. 621): " The law is not so unreasonable as to exact from an infant the same degree of care and prudence in the presence of danger as it exacts from adults. An infant, to avoid the imputation of negligence, is bound only to exercise that degree of care which can reasonably be expected of one of its age. [Citing cases.]

" We cannot within these authorities, upon the undisputed facts, say, as matter of law, that the plaintiff — regard being had to her

tender years — failed in that degree of care which the law required of her. *Whether she did or not was, upon all the circumstances of this case, a question for the jury.*" (Italics are the writer's.)

In *Swift* v. *Staten Island Rapid Transit R. R. Co.* (*supra*) the plaintiff's daughter was a girl of the age of fifteen years and was struck by the defendant's train in crossing its tracks. The Court of Appeals said (at p. 649): " She [plaintiff's daughter] was unfamiliar with the locality, and presumptively in regard to the time of the arrival and departure of trains. Her attention was attracted by the passing train from the east, and her opportunities to see and hear the train from the west were obstructed by the smoke and noise of the bell and engine starting out, and under all the circumstances it cannot, as we think, be held as matter of law that she neglected to exercise that degree of care and caution required of a person of her age, situated as she was. *The degree of care and caution required by the law in such case depends upon the maturity and capacity of the individual, and all the surrounding circumstances; and if there is any doubt as to the facts, or as to the inferences to be drawn from them, the question cannot be determined as matter of law, but must be submitted to the jury.*" (Italics are the writer's.) Can it be said that the infant plaintiff in the case at bar, a boy less than eleven years of age, at play upon a sidewalk with which he was unfamiliar, was guilty of contributory negligence as matter of law in failing to observe the unguarded hole in the sidewalk? I think not.

The decisions relied upon by my brother MARTIN do not seem to me to be in point. In *Sobol* v. *Union R. Co.* (122 App. Div. 817) the decedent, a boy about nine years of age, was injured by running into the side of the defendant's street car without looking, and this court held that in so doing the decedent was guilty of contributory negligence which precluded a recovery. The case is quite different from the case at bar. The existence of the car tracks was of itself enough to warn the decedent. In the case at bar he had no warning whatever of the existence of the hole in the sidewalk upon which he was running. His attention was diverted for the moment in his play, and as he was looking over his shoulder at his pursuer he stepped into the unguarded hole.

In *Guichard* v. *New* (9 App. Div. 485) Mr. Justice PATTERSON, writing for this court, said (at p. 487): " The case is, therefore, presented of a boy attending school, playing in the streets, *distinctly warned not to do a particular act, and that if he does injury will ensue, yet doing that act with full knowledge and despite the warning he has received.*" (Italics are the writer's.) The circumstances in the *Guichard* case clearly distinguish it from the case at bar, where the

infant plaintiff was unfamiliar with the physical situation of the sidewalk and received no warning.

In *Hooper* v. *Johnstown, G. & K. H. R. R. Co.* (59 Hun, 121) the plaintiff's intestate was a girl eleven years of age. There was no evidence showing how the intestate fell off an embankment and into a creek. No one saw her fall, but her body was found in the creek. She was seen going along the footpath a little north of the place where she probably fell in. She was tossing a ball in the air and catching it, continuing toward the schoolhouse. Presiding Justice LEARNED, writing for the General Term, Third Department, in the course of his opinion, said (at p. 126): " She [the deceased] was eleven years old *and familiar with the way to school, where she had been five or six years.* She was, therefore, capable of exercising some care and prudence." (Italics are the writer's.) Unlike the case at bar, the deceased in the *Hooper* case was entirely familiar with the physical situation over which she had traveled for five or six years. In the case at bar the infant plaintiff, according to the evidence, had never before been upon the sidewalk where he fell.

I am, therefore, of the opinion that the trial court properly submitted to the jury for its determination the question as to whether or not the plaintiff, as he was running along the sidewalk at play, was guilty of such negligence on his part as precluded his recovery from the defendant of damages sustained by reason of the defendant's negligence.

The judgments appealed from should be affirmed, with costs.

FINCH and BURR, JJ., concur; CLARKE, P. J., and MARTIN, J., dissent.

MARTIN, J. (dissenting). On the 27th day of April, 1922, the infant plaintiff, then ten years and eight months old, was injured while playing " tag " with other boys on One Hundred and Fifty-second street between Melrose and Courtlandt avenues, in the borough of The Bronx, city of New York. He fell into an excavation, suffering a fracture of the left arm and a dislocation of the elbow. The accident happened while one of his companions was running after the plaintiff, who thus described the occurrence: " He chased me, and I ran on the sidewalk to circle around him and to get away from him, and when I turned around to see how far he was behind me, my foot went into a small hole, and I staggered, and to catch myself I tried to — I staggered and I tried to catch myself, and my foot hit the pipe, and the force of hitting the pipe threw me into the hole. * * *."

On cross-examination he testified: " Q. Which way were you looking when your foot went into the hole? A. I was looking back,

to see how far he was behind me. As soon as I turned around my foot went into the hole."

While walking or running and looking backward, the infant plaintiff stepped into a small hole, lost his balance, tripped over a pipe and fell into the excavation. It is said that there was no barrier to prevent those using the sidewalk from stepping into the first hole or striking against the pipe; and that otherwise the infant plaintiff would not have fallen into the excavation.

He was injured during the day time. While looking backwards he stepped into a depression, clearly open to view, in the sidewalk close to the house line. The walk was in front of property from which a building had been removed. These operations were in themselves a warning that the pavement might have been disturbed.

We believe there was contributory negligence. Even a boy of the age of ten is required to observe where he is walking, and is not justified in heedlessly running into danger.

In *Sobol* v. *Union R. Co.* (122 App. Div. 817, at p. 820) the court said: " The evidence introduced in behalf of the plaintiff does not indicate whether the boy saw the car or made any effort to discover whether a car was approaching from either direction. It is unnecessary to review the evidence introduced in behalf of the defendant. It does not aid the plaintiff, for it tends to show that the boy ran into the side of the car and did not get upon the track in front of it. It is clear that the plaintiff failed to sustain the burden devolving upon him of showing that the decedent was free from contributory negligence and that his death was due to the negligence of the defendant. The fact that a boy was following the decedent does not materially aid the plaintiff's case. There is nothing to indicate that the decedent was obliged to run across the track, and as he led the way, it was incumbent upon him to pay some attention to his surroundings. But for the testimony of Blake there would be no evidence tending to show that the motorman should have discovered the position of the boy in time to avoid injuring him, and it is inconsistent with the testimony of the other three witnesses called by plaintiff."

In *Guichard* v. *New* (9 App. Div. 485, at p. 487) the court said: " The case is, therefore, presented of a boy attending school, playing in the streets, distinctly warned not to do a particular act, and that if he does injury will ensue, yet doing that act with full knowledge and despite the warning he has received. We think the case is one which did nor require the submission to the jury of any question as to the ability of the plaintiff to exercise ordinary care and prudence under the circumstances, for he was old enough and intelligent enough to understand that the act he was warned

against was one which would involve him in a peril, and having done that which he was distinctly warned not to do, the consequence of his folly must be visited upon him, precisely as in any other case."

In *Hooper* v. *Johnstown, G. & K. H. R. R. Co.* (59 Hun, 121) the court said (at p. 126): "Nor does it seem to us that the plaintiff showed that the deceased came to her death without negligence on her part. There is no evidence showing what caused her to fall into the water. If she was walking in the path she could not have fallen off the embankment. Whether she carelessly ran to the edge in pursuit of her ball; whether she was pushed in by some unknown person; whether she was frightened and thus ran to the edge and fell in, all these are matters entirely unknown. The accident happened in the day time and she could not have wandered unknowingly from the path. We may conjecture that her ball rolled to the edge and off, and that she followed it heedlessly. But this is conjecture. She was eleven years old and familiar with the way to school, where she had been five or six years. She was, therefore, capable of exercising some care and prudence. It seems to us that the decision in *Reynolds* v. *New York Central & Hudson River Railroad Company* (58 N. Y. 248), and in *Wendell* v. *New York Central & Hudson River Railroad Company* (91 id. 420), and the remarks of the court in *Bond* v. *Smith* (113 id. 385), apply forcibly to this case, and that the plaintiff failed to show that the deceased was free from contributory negligence."

The record clearly discloses that this boy was guilty of contributory negligence.

The judgments should be reversed, with costs, and the complaints dismissed, with costs.

Clarke, P. J., concurs.

Judgments affirmed, with costs.