Hardy D. White, as Administrator of Edward H. White, Deceased, Plaintiff, *v.* Board of Education of City of Troy, Defendant.

Supreme Court, Rensselaer County, September 27, 1933.

*Fred C. Schwarz* [*John L. Moore* of counsel], for the plaintiff.

*Frank S. Parmenter, Corporation Counsel,* and *Joseph F. Purcell, Assistant Corporation Counsel,* for the defendant.

Loughran, J. The question is whether defendant may be held to answer for the death of plaintiff's intestate, Edward H. White. The facts are stated in the charge as follows: " On the 16th day of September, 1932, Edward H. White, then a boy thirteen years of age, was attending school No. 5. A wall then ran north and south through the school yard. It was constructed of Roman brick laid at a width of twelve and a quarter inches, to a height of seven feet six inches. Upon the top of this brick structure there was a terra cotta coping twenty-four and a quarter inches wide and nine and three-quarter inches high. There was an opening in the wall six feet wide. A gate had once been attached to the wall upon one side of that opening. The gate had been removed before the 16th day of September, 1932, but the supports upon which the hinges of the gate had moved had been left in the surface of the wall facing the opening, and were there on September 16th, 1932. On the top of the wall at that side of the opening was the section of terra

cotta coping which is here in evidence as plaintiff's exhibit 3, and is now before you. That object overhung the wall surface upon that side of the opening by six inches. It weighs one hundred forty-two pounds. On the morning of September 16th, 1932, Edward H. White was in the yard of school No. 5. The plaintiff's proof is that Edward H. White then and there put one of his feet upon one of the hinge supports in the opening in the wall in question which I have described, and that he thereupon 'sprang up' and got hold of the section of coping, the object here in evidence as plaintiff's exhibit 3; that that section of coping thereupon came off the wall, and that, as Edward H. White fell to the ground, it fell upon him, and that thereby he received injuries which resulted in his death two days later. The plaintiff's proof is that the wall in question was constructed in accordance with the usual method of erecting such structures; that the section of coping, plaintiff's exhibit 3, had been fastened to the next adjacent section of coping by steel or iron anchors. There is no proof that this object, plaintiff's exhibit 3, was out of its normal position, or that it had been displaced in any degree, prior to September 16th, 1932. The plaintiff's witness Theodore Settany tells you that a day or two theretofore he had tried to 'chin' himself upon the object, that he found it loose, as he said, and that thereupon he dropped off of it. There is no proof that the brick wall was defective on September 16th, 1932. The plaintiff's proof is that that object, plaintiff's exhibit 3, except for a few chips out of its surfaces, is still in good condition. The defendant has offered proof that the school in question opened for the school year in September, 1932, on the 7th of that month; that Edward H. White attended that school every school day thereafter to the day on which he was injured; that on two occasions, in that period, pupils in the class to which Edward H. White then belonged were told by members of the school faculty, in substance, that they were to keep off all walls, or that there was to be no climbing of walls."

There is thus presented the vexed problem of the status of a child injured by his voluntary interference with an object which, but for his meddling, would not have hurt him. (Beven Neg. [2d ed.] p. 183 *et seq.*) Is there established an actionable breach by defendant of a duty to protect the intestate from himself? (*Perry* v. *Rochester Lime Co.*, 219 N. Y. 60, 65.)

" In all cases of this kind the character of the instrumentality by which the injury complained of was received, and as to whether it can be said to possess a quality which would be likely to attract or prove tempting to children, as well as its accessibility or non-accessibility to children, must be considered in determining the

question of defendant's negligence." (*Heller* v. *New York, N. H. & H. R. Co.*, 265 Fed. 192, 199.) The wall was in structure and contour a common and usual appurtenance to land. It cannot be said to have been more of an inducement to go upon it than other attachments which, however tempting to children, do not amount to invitations to tamper. (*McAlpin* v. *Powell*, 70 N. Y. 126; *Strobel* v. *Liebmann*, 197 id. 348; *Mendelowitz* v. *Neisner*, 258 id. 181; *Fitzgerald* v. *Rodgers*, 58 App. Div. 298; *Friedman* v. *Snare & Triest Co.*, 71 N. J. L. 605; *Holbrook* v. *Aldrich*, 168 Mass. 15.) Defendant had no actual notice that the coping had become unfastened.

The cases relied upon by plaintiff involve distinguishable fact situations. In *Jaked* v. *Board of Education* (198 App. Div. 113; affd., 234 N. Y. 591) the gate at the school entrance was in quality and accessibility an object attractive to children as a medium of play (*Basmajian* v. *Board of Education*, 211 App. Div. 347, 352), and the defendant had permitted pupils to swing upon it, with knowledge of its defective condition. Since the danger should have been known, the defendant was liable. (*McCloskey* v. *Buckley*, 223 N. Y. 187.) *Parnell* v. *Holland Furnace Co.* (234 App. Div. 567; affd., 260 N. Y. 604) and *Sarapin* v. *S. & S. Corrugated Paper Machinery Co., Inc.* (209 App. Div. 377) are applications of the same principle. In *Travell* v. *Bannerman* (71 App. Div. 439; affd., 174 N. Y. 47) the instrumentality of injury was inherently a thing of danger. (*Beickert* v. *G. M. Laboratories, Inc.*, 242 N. Y. 168.) *Long* v. *City of Dunkirk* (260 N. Y. 599) is much the same case.

The wall was safe as originally constructed. Plaintiff conceded at the trial that no cause of action for nuisance was alleged. The wrong, if any, was negligence in failing properly to maintain the structure. (*Lessin* v. *Board of Education*, 247 N. Y. 503, 508, 509.) No affirmative act of defendant brought the force into play. (*O'Leary* v. *Michigan State Telephone Co.*, 146 Mich. 243, 247.) There is no proof that any employee of defendant knew of the defect. It is not clear that reasonable inspection would have revealed what danger there was. (*Malone* v. *Hathaway*, 64 N. Y. 5; *Lessin* v. *Board of Education, supra*, p. 512; *Whitcher* v. *Board of Education*, 233 App. Div. 184; Am. L. Inst., Restatement of Torts, Tentative Draft No. 4, p. 107.) Any negligence of defendant is not shown to have been more than a remote cause of the intestate's misfortune.

In *McGuiness* v. *Butler* (159 Mass. 233) the plaintiff, a boy of eight years, while playing with others upon a public street, was injured by the fall of a marble slab, which the defendant had negligently placed in part upon the sidewalk in front of his premises. The jury was instructed that if the plaintiff participated in throwing

the stone over upon himself he could not recover.    It was held that the instruction was sound.    The court, citing *McAlpin* v. *Powell* (*supra*), said: " The principle for which the plaintiff contends would require us to hold that in no case would trespassing or intermeddling by a child, or participation by him in the act resulting in injury to him, be a bar, as matter of law, to his recovery, provided it appeared that the defendant was negligent, and that the child was only doing what he might naturally have been expected to do. We do not think that such is the law."    (Cf. *Kunz* v. *City of Troy*, 104 N. Y. 344.)    The intestate was an alert boy thirteen years old. Within a few days before he was hurt, he had twice been told to keep off the wall.    In the circumstances, the result of his rashness is not to be visited upon another.    (*Guichard* v. *New*, 9 App. Div. 485; *Albert* v. *City of New York*, 75 id. 553, 558; Bohlen, Studies in the Law of Torts, p. 193.)

The verdict is against the weight of the evidence.    Motion granted.