Robert Schuyler, an Infant, by Janice Schuyler, His Guardian ad Litem, et al., Respondents, *v.* Board of Education of Union Free School District No. 7, Presently Known as Central School District No. 1, Towns of Barton, Tioga County and Chemung, Baldwin and Ashland, Chemung County, Appellant, et al., Defendants.

Third Department, May 7, 1963.

*Hinman, Howard & Kattell* (*Charles F. Fish* of counsel), for appellant.

*Betty D. Friedlander* and *Alan J. Friedlander* for respondents.

TAYLOR, J. During a luncheon recess the infant plaintiff, a sixth-grade student then aged 12 years and 3 months, was injured while playing on a fence located on premises of the defendant Board of Education. The fence consisted of a single horizontal pipe 2 to 2½ inches in diameter attached 2 feet 2 inches above ground level to interspaced vertical iron bars. It separated a grassed and shrubbed plot contiguous to the front of the school building from a walk leading to its side entrance which was reserved for use by boy pupils. There is no evidence that the fence was improperly constructed or maintained and none that any prior injury had occurred through its use for play by school children. It was not located within the playground area of the school and obviously was not designed to serve an athletic or recreational purpose. Nor is there any proof that the fence itself was inherently dangerous.

On the day of the injury the infant plaintiff ate his lunch in one of two rooms provided for this purpose to which three teachers were assigned in supervisory capacities. There was testimony from which the jury could infer that the children were released by the teachers for outdoor post-lunch play. The infant plaintiff then proceeded to the fence area and with several other children engaged in sitting, swinging and walking upon the horizontal pipe for several minutes. In a traverse of the rail his foot slipped causing him to fall fracturing his ribs and rupturing his spleen. On more than one prior occasion he had fallen from it without injury.

At the time of the fall none of the teachers was present to supervise the infant plaintiff's activities. It is upon this alleged breach of duty that respondents rest their charge of negligence on the part of the School Board.

The use to which the infant plaintiff was putting the fence when injured had been proscribed by school authorities; frequent announcements to this effect were made to the student body by means of a public address system; members of the teaching force personally had told pupils to keep off the fence. The infant plaintiff testified that he had knowledge of this admonition.

Negligence founded upon the breach of a duty is " relative to time, place and circumstance " (*Caldwell* v. *Village of Is. Park*, 304 N. Y. 268, 274). Upon the particular facts disclosed by this record we hold that appellant's duty to provide adequate supervision within the schoolyard (Education Law, § 1709, subd. 16)

was sufficed by the admonitory directive communicated to the infant plaintiff which banned the extracurricular activity in which he was engaged at the time of his injury. A constant surveillance of his movements to compel adherence to the known rule was not required. (*Peterson* v. *City of New York,* 267 N. Y. 204; *Thompson* v. *Board of Educ.,* 280 N. Y. 92, 96.)

This case is not governed as respondents contend by legal principles which rest on a defective and dangerous condition existing in a school building (*Miller* v. *Board of Educ.,* 291 N. Y. 25) or on the maintenance of a nuisance upon school grounds (*Popow* v. *Central School Dist.,* 277 N. Y. 538). Neither is it governed by *Decker* v. *Dundee Cent. School Dist.* (4 N Y 2d 462) which turned on a supervisory failure which would have disclosed obviously dangerous activities within a playground area nor by *Sullivan* v. *City of Binghamton* (271 App. Div. 860, motion for leave to appeal denied 271 App. Div. 939) where small children were permitted to use playground equipment dangerous to them because of their tender years. Authorities dealing with the improper supervision of pupils in connection with their transportation to and from school (*Barth* v. *Cent. School Dist.,* 278 App. Div. 585) or concerned with permitting practices upon the school grounds likely to result in physical injury to children placed in the custody of supervising students (*Selleck* v. *Board of Educ.,* 276 App. Div. 263, motion for leave to appeal denied 300 N. Y. 764) are also not pertinent.

Such risks as there were in the pursuit of a pastime which entailed the use of a structure unintended and inadaptable for the purpose were patent and were assumed by the infant plaintiff (*Bennett* v. *Board of Educ.,* 16 A D 2d 651; *Turano* v. *City of New York,* 17 A D 2d 191; *Murphy* v. *Steeplechase Amusement Co.,* 250 N. Y. 479, 482–483) and he was guilty of contributory negligence as a matter of law. (*White* v. *Board of Educ.,* 149 Misc. 324; *Fox* v. *Mission of Immaculate Virgin,* 285 App. Div. 898, affd. 309 N. Y. 812; *Wilhelm* v. *Board of Educ.,* 16 A D 2d 707, affd. 12 N Y 2d 988; *Kanofsky* v. *Brooklyn Jewish Center,* 265 N. Y. 634.)

The judgments should be reversed, on the law and the facts, and the complaint dismissed, without costs.

BERGAN, P. J., COON, HERLIHY and REYNOLDS, JJ., concur.

Judgments reversed, on the law and the facts, and the complaint dismissed, without costs.