BENNIE STANLEY, as Guardian ad Litem for BENNIE STANLEY, JR., an Infant, et al., Respondents, v. SURFACE TRANSIT, INC., Appellant.

First Department, November 3, 1966.

*William H. Frappollo* of counsel (*John F. Lang*, attorney), for appellant.

*Jacob D. Fuchsberg* of counsel (*Stanley N. Yankelevitz* with him on the brief; *Fuchsberg & Fuchsberg*, attorneys), for respondents.

*Per Curiam.* This is an action brought to recover damages for serious and severe injuries sustained by the infant plaintiff on May 20, 1958, as a result of an accident involving a bus owned by defendant and then operated by one of its employees.

The infant plaintiff, age 10 years 8 months at the time of the accident, testified he was running away from a group of boys, when half-way across the street he heard a Mr. Carpenter call a warning, turned to see who was calling, took a few steps backward and was struck by the bus which, after the accident, had to be backed up off the infant's leg. There is no evidence that he backed into the bus.

The driver of the bus in testifying estimated his speed at 10 to 12 miles per hour, slower than his normal speed, though the speedometer on the bus was not working. The driver testified he saw the boy run from the left side across the street directly toward the bus and that he ran into the side of the bus. He then applied the brakes and stopped the bus, but did not go near the infant after the accident. The driver testified he obtained the names of three or four witnesses to the accident. None, however, were produced and only the driver testified for the defendant. Admittedly no horn was blown or warning sounded.

The plaintiff offered evidence that the driver was going very fast, in what the driver from his own testimony recognized as a congested neighborhood which included many children. There was testimony by a police officer that a sudden stop would have left friction or skid marks and none were found at the scene. There was also testimony that the operator, when questioned by an officer, stated, in substance, he did not know what happend, he heard a thud, people screaming, and he stopped. The driver had to be asked to back up the bus to take the wheel off the leg of the infant. Certain discrepancies in the testimony of the driver between his present testimony and that given at the former trial were called to the driver's attention. The jury could not fail to note such discrepancies, particularly when the driver characterized such former testimony as true and in effect adopted it as his present testimony.

The record does not support a determination that there was a repetition by plaintiffs' counsel of the prejudicial error which

led to reversal of the earier judgment (20 A D 2d 854). It is true that at the conclusion of the presentation of the evidence, and before summation, defendant did request the court to instruct the jury the testimony of Officer Mebert with respect to his conversation with the driver should be considered only on the issue of credibility. However, on the following day after summations were made and the charge given, the request was not repeated. Evidently defendant felt the court had sufficiently covered the issue in its general charge with respect to credibility.

The trial court submitted the issues of negligence and contributory negligence to the jury under a proper charge to which no exception was taken. The jury on the whole evidence could properly resolve the issue of liability as it did and we see no reason to disturb their finding. In light of the nature and extent of the injuries and the unfavorable prognosis for the future, the award is not found to be so clearly excessive so as to warrant reduction.

The judgment appealed from should be affirmed, with costs and disbursements to respondents.

McNALLY, J. (dissenting). I dissent. In this action for personal injuries the verdict in favor of the infant plaintiff on the first trial was in the sum of $125,000 (20 A D 2d 854), and on the second trial in the sum of $267,000. In my view the complaint should be dismissed.

It appears that the infant plaintiff, then 10 years and 8 months old, at about 3:00 P.M. of May 20, 1958, a clear day, running from an attack by other children, darted from the west side of Third Avenue, between Claremont Parkway and 172d Street, past automobiles parked at the westerly curb and pillars supporting the elevated railway, and backed into the left front side of defendant's northbound bus. The center roadway, 24 feet, accommodated north and southbound vehicular traffic. Defendant's bus, 8 feet wide, was northbound, about one foot from the east line of steel pillars.

It is uncontradicted that the left wheel of the bus came in contact with the boy's legs but did not run over them. The bus driver testified he immediately applied the brakes on observing the boy. The claim of excessive speed is irreconcilable with the unalterable fact that the bus came to a stop before the left front wheel could pass over the boy's legs. The additional claim of negligence now asserted that the bus was proceeding slightly to the west of the midline for northbound traffic was not alleged in the bill of particulars for the obvious reason that it was not the proximate cause of the accident.

On the prior appeal we reversed the judgment for the plaintiffs on the ground of prejudicial error in the admission of a post accident statement made to a police officer by the bus driver who is not a defendant. We then observed: "In view of the paucity of the evidence to support a verdict for the plaintiff, the error may not be overlooked as nonprejudicial." (20 A D 2d 854, 855.)

On the second trial, following the opening of plaintiffs' counsel, defendant moved for a mistrial on the ground that "counsel has just informed the jury that he would establish that this driver *said* he had never seen the boy" [emphasis supplied]. Plaintiffs' counsel did not dispute the statement attributed to him. Thereafter plaintiffs introduced the following testimony of officer Mebert: "Q. * * * did you have a conversation with the bus driver? * * * A. Yes." Plaintiff rested without proof of the conversation. Thereupon defendant renewed its motion for a mistrial which was denied.

The bus driver testified for the defendant. His testimony did not include the subject of the alleged talk with officer Mebert. However, on cross-examination the bus driver denied having a conversation with the officer wherein he allegedly stated he did not see the infant plaintiff until after the occurrence. Thereafter, by way of rebuttal, plaintiffs recalled the officer who then testified in substance that the bus driver had told him immediately after the occurrence that he did not know what had happened.

The alleged postaccident declaration of the bus driver is not substantive evidence of defendant's negligence. (*Benevento* v. *Poertner Motor Car Co.,* 235 N. Y. 125, 131.) We plainly held on the prior appeal that the said testimony was admissible only in rebuttal for impeachment purposes and not as substantive evidence of negligence. At the close of the entire case defendant requested the court to instruct the jury in accordance with our prior decision that the officer's testimony as to his conversation with the bus driver may be considered only on the issue of his credibility and is not to be considered as substantive proof of negligence. Unfortunately the trial court failed to do so.

This record establishes that plaintiffs' experienced trial counsel set in motion a chain of events which served to nullify our prior decision limiting the admissibility of the officer's said testimony to the issue of credibility of the bus driver and conveyed to the jury the strong impression that the said testimony was relevant on the issue of defendant's negligence. If there be an issue of fact on negligence, which I do not believe is the case, then it follows that a new trial should be had as a

matter of law for prejudicial error in admitting said evidence on the general issue of negligence without an appropriate instruction limiting it to the issue of the credibility of the bus driver.

Moreover, on this record the infant plaintiff was guilty of contributory negligence. If plaintiff had been an adult, contributory negligence as a matter of law would be clear. (*Casey* v. *Ross,* 10 N Y 2d 834.) Unless defendant was the insurer of the safety of the infant, under the circumstances of this case it must be held on the uncontradicted facts that plaintiff may not recover because of contributory negligence.

The case was tried and charged to the jury on the theory that plaintiff was *sui juris.* Although the standard of care required of a boy of tender years is not the same as in the case of an adult, he is required to exercise care commensurate with his age, understanding and experience. (*Jacobs* v. *Koehler Sporting Goods Co.,* 208 N. Y. 416; *Camardo* v. *New York State Rys.,* 247 N. Y. 111.)

The difficulty here is that plaintiff failed to exercise any care. It adds nothing to the case to advert to the play propensities of children. Here involved is an altercation followed by an attempt to escape, with no reasonable opportunity afforded to the bus driver to avoid the occurrence. This case does not involve a play situation in open view of an oncoming motorist. (see *Bentancourt* v. *Wilson,* 4 N Y 2d 808, revg. 3 A D 2d 465; *Hammer* v. *Bloomingdale Bros.,* 215 App. Div. 308.)

There is no evidence that the defendant could have avoided the occurrence in the exercise of reasonable care.

Breitel, J. P., Stevens and Capozzoli, JJ., concur in *Per Curiam* opinion; McNally, J., dissents in opinion.

Judgment affirmed, with $50 costs to the respondents.