■ MARION K. OLSEN, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 42963.) — Judgment reversed on the law and facts and claim dismissed, all without costs. Memorandum: The State appeals from a judgment of the Court of Claims which awarded damages to claimant for the wrongful death of her 18-year-old son. Claimant alleges that her intestate was swept off a State pier and was drowned and that the State was negligent in allowing the pier to deteriorate and in failing to erect signs warning of the dangers of entering upon the pier or forbidding the general public to enter thereon. The pier is a breakwater designed to protect traffic entering Oneida Lake from the Barge Canal from being damaged by wind and waves and to provide a mooring place for boats and barges. It is 22 feet wide and 2,300 feet long. In addition to its use by the crews of boats and barges it was used by fishermen. The general public walked back and forth on the pier for recreation. On the day of decedent's death he had attended a water show at a recreation beach adjoining the pier. At about 4 o'clock in the afternoon decedent and members of his family walked out onto the pier. At that time the wind was blowing and waves were breaking over the pier and over their shoes. The wind increased and the waves became higher. Decedent's mother and her other children then turned around because the wind was too strong and they were afraid they would be washed off the pier. Decedent continued out on the pier. His mother saw him pass several couples that were ahead of him and that was the last time she saw him. His body was thereafter recovered from the canal. The Trial Judge found that the surface of the breakwater was cracked and broken, and contained metal protrusions; that there were no warning signs posted and that, without warning of a sign or other interference to entry, the breakwater was a source of danger. It further found that the State was negligent and was liable to respond in damages and that decedent was not negligent. It made no finding that any negligence of the State was a proximate cause of decedent's death. There is no proof that the death was caused by the cracked and broken condition of the pier or by the metal protrusions on it. Liability cannot be predicated on failure to warn against the danger of sudden wind storms. Such danger was apparent to decedent. There is no duty to warn against a condition that can be readily observed by the reasonable use of senses. The situation is then a warning in

itself. (*Downes* v. *Elmira Bridge Co.*, 179 N. Y. 136; *Doremus* v. *Auerbach* 176 App. Div. 512, affd. 223 N. Y. 709.) All concur, except Bastow and Goldman, JJ., who dissent and vote to affirm. (Appeal from judgment of Court of Claims in action to recover damages for wrongful death.) Present — Williams, P. J., Bastow, Goldman, Witmer and Henry, JJ.