■ JOHN F. McAULIFFE, as Father and Natural Guardian of JOHN J. McAULIFFE, an Infant, Appellant, v TOWN OF NEW WINDSOR, Respondent.—Crew III, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Ingrassia, J.), entered August 20, 1990 in Orange County, which granted defendant's motion for, *inter alia,* summary judgment dismissing the complaint.

On July 3, 1984, John J. McAuliffe, then age 16, and four of his friends went to Crestview Lake in the Town of New Windsor, Orange County, to swim and for recreation. At some point during that day, the weather changed and it began to rain and thunder. The lifeguard on duty announced that everyone was to get out of the water. The lifeguard then alerted the beach director, Robert La Course, of the weather conditions and La Course made an announcement over the public address system that all swimmers were to leave the water and the beach area and take cover. Although McAuliffe heard the direction to get out of the water, he did not hear the direction to take cover. After leaving the beach area, McAuliffe and his friends walked to a grassy hill about 50 feet away from the nearest shelter. There they decided to wait and see if the rain would stop, even though they were aware of the possibility of lightning. They began to kick a volleyball and started to play in close proximity to a metal waste can. When McAuliffe went to retrieve the volleyball near the waste can, lightning struck the can and ricocheted into him. He was knocked unconscious and fell to the ground. On October 2, 1985, plaintiff commenced this personal injury action on behalf of McAuliffe against defendant alleging negligent supervision and failure to exercise reasonable care to protect his son from foreseeable hazards. Defendant interposed an answer and asserted numerous affirmative defenses. After a number of examinations before trial, defendant moved for summary judgment dismissing the complaint. The motion was granted and this appeal ensued.

The issue before this court is whether defendant's duty to furnish an adequate degree of general supervision included a direction to McAuliffe not to play on the grassy hill. Put

another way, the issue is whether defendant was required to make certain that McAuliffe took proper shelter from the potential hazard of lightning. Generally, a municipality is obliged to furnish an adequate degree of general, but not strict or immediate, supervision to patrons who have been invited to avail themselves of park facilities or recreation areas *(see, Caldwell v Village of Is. Park,* 304 NY 268, 273). However, a municipality is not required to maintain constant surveillance of the movements of all patrons of its facilities in order to prevent patrons from partaking in risky and dangerous activities that are self-evident *(cf., Curcio v City of New York,* 275 NY 20, 23-24; *Peterson v City of New York,* 267 NY 204; *Nichter v City of Buffalo,* 74 AD2d 996). Under the circumstances disclosed by the record, we are of the opinion that defendant discharged its duty by providing a lifeguard and a beach director who, upon the commencement of rain and thunder, directed all swimmers to get out of the water, leave the beach area and take cover *(see, Curcio v City of New York, supra; Schuyler v Board of Educ.,* 18 AD2d 406, 408, *affd* 15 NY2d 746).

Insofar as liability of defendant is predicated on a failure to specifically warn McAuliffe against the danger of lightning, such danger was admittedly apparent to McAuliffe and there is no duty to warn against a condition that is readily observable by the reasonable use of one's senses *(see, Olsen v State of New York,* 30 AD2d 759, *affd* 25 NY2d 665). McAuliffe and his friends elected to go up the hill and play. While on the hill, one of McAuliffe's friends stated to McAuliffe that he saw lightning. McAuliffe admitted that he observed "heat lightning" in the background and that he was fully aware of the risks and dangers of being outside while lightening was present. Further, he stated that he was aware of the possibility of lightning occurring that day but decided to wait out the light rain with his friends. Contrary to plaintiff's assertions, defendant's duty to provide general supervision did not include an obligation to maintain constant surveillance of his son's movements and activities to make certain that he took proper shelter from the rain, thunder and lightning. McAuliffe's action of going onto the hill and playing while it was raining and lightning was sui juris and defendant should not be held responsible therefor.

Casey, J. P., Mikoll, Yesawich Jr. and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.