■ HEATHER KELLY, Individually and as Administratrix of the Estate of ANDREW J. LATHER, Deceased, Appellant, v ACADEMY BROADWAY CORPORATION, Defendant, and OUTDOOR VENTURE CORPORATION, Respondent. [615 NYS2d 123] —Mercure, J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered May 24, 1993 in Madison County, which granted defendant Outdoor Venture Corporation's motion for summary judgment dismissing the complaint against it.

Plaintiff brought this negligence action to recover for the tragic death of Andrew J. Lather (hereinafter decedent) when the tent he occupied, marketed by defendant Outdoor Venture Corporation (hereinafter defendant) and equipped with aluminum poles, was struck by lightning. There appears to be no question that decedent and two companions set up their two small camping tents in a large, flat, open field and that lightning struck the tent marketed by defendant, killing decedent and the other occupant. The third individual, occupying the second tent, was also killed, assumedly as the result of electric current passing through or along the ground. The complaint and bill of particulars allege that defendant was negligent in manufacturing and marketing a tent with metallic poles and accessories, in failing to warn of potentially dangerous conditions caused by the use of metallic poles and accessories where electrical storms could be encountered, and in failing to warn of the ordinary dangers of being out in electrical storms.

Following joinder of issue, defendant moved for summary judgment dismissing the complaint against it. Defendant supported the motion with, *inter alia,* the affidavit of Larry Lockhart, its executive vice-president, stating that, of approximately 750,000 recreational camping tents marketed by defendant during a 12-year period ending in 1984 or 1985, all were equipped with metal poles except for geodesic dome tents, which required flexible poles. Further, Lockhart stated that all of defendant's competitors marketed tents made with the very same materials and that this is the only instance he was aware of where a tent was struck by lightning. In opposition to the motion, plaintiff submitted the affidavit of Vito Colangelo, a consulting engineer with degrees in metallurgical and

materials engineering, who offered the opinion that, due to their high electrical conductivity, the use of aluminum tent poles greatly increased the risk of a lightning strike and injury to the occupants of the tent. Accordingly, Colangelo concluded that defendant was negligent in failing to equip the tent with poles made from wood, plastic or other nonconductive material and in failing to warn of the danger of remaining in a tent equipped with metal poles during an electrical storm. Supreme Court granted defendant's motion and plaintiff now appeals.

We affirm. In our view, Lockhart's affidavit satisfied defendant's initial burden of a prima facie showing warranting judgment as a matter of law if not rebutted by plaintiff *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 325). Surely, the fact that defendant and its competitors had manufactured and marketed thousands of camping tents equipped with metal poles with no known lightning strikes constitutes competent evidence, first, that the likelihood of such an occurrence was negligible and, second, that the accident that took the life of decedent was not reasonably foreseeable *(see, Davis v Country Club,* 53 Tenn App 130, 381 SW2d 308; *see also, Hames v State of Tennessee,* 808 SW2d 41 [Tenn]). Notably, "a manufacturer has no duty to so design his product as to render it wholly incapable of producing injury [or] * * * make it accident proof" (86 NY Jur 2d, Products Liability, § 46, at 449). As for the claim that defendant breached a duty to warn, this Court recently held that the danger of lightning is readily apparent and, thus, there is no duty to warn against it *(McAuliffe v Town of New Windsor,* 178 AD2d 905; *see, Olsen v State of New York,* 30 AD2d 759, *affd* 25 NY2d 665). Equally well known is the tendency of metal objects to attract lightning.

We are of the further view that Colangelo's affidavit did not fulfill plaintiff's resulting burden of producing evidentiary proof in admissible form sufficient to require a trial of material questions of fact *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). In his affidavit Colangelo opined that the tent marketed by plaintiff was unreasonably dangerous and defective because of the high electrical conductivity of the aluminum poles and because of the failure to affix labels warning of the inherent dangers of using a tent during an electrical storm, particularly in open areas, and, further, that under the circumstances the injuries and death of decedent were foreseeable. We reject Colangelo's opinion as beyond his knowledge and area of expertise, lacking in competent factual support and, in large measure, beyond the scope of expert opinion *(see,*

*Lasky v Ford,* 194 AD2d 978, 980; *Morrison v Flintosh,* 163 AD2d 646; *Paciocco v Montgomery Ward,* 163 AD2d 655, 657, *lv denied* 77 NY2d 808).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.