■ John M. Gathers, Respondent-Appellant, v New York City Transit Authority, Appellant-Respondent. [662 NYS2d 493] —Judgment of the Supreme Court, Bronx County (Stanley Green, J.), entered on or about September 18, 1995, after a jury verdict, finding defendant guilty of negligence and awarding damages in the total amount of $1,100,000, is unanimously reversed, on the law, without costs or disbursements, and the complaint dismissed. The Clerk is directed to enter judgment in favor of the defendant-appellant-respondent dismissing the complaint in this action.

There was no valid line of reasoning and permissible inferences that could possibly have led rational jurors to a finding of liability (Cohen v Hallmark Cards, 45 NY2d 493). The only support for the finding of negligence by the defendant in the operation of the train was the testimony of plaintiff and his engineering expert. There were no eyewitnesses to the alleged incident, although plaintiff asserted it occurred at about 5:20 P.M. during rush hour. No train operator reported the incident, and no Transit Authority crew member had any knowledge of it. While plaintiff testified at trial that the train did hit him, he previously testified at deposition that he did not remember the

train ever coming into contact with him and "could only guess" that the train came into contact with him. The testimony of plaintiff's expert was based on speculation, lacked competent factual support and was beyond the proper scope of expert testimony (*Kelly v Academy Broadway Corp.*, 206 AD2d 794, 795). Since plaintiff never testified as to the speed of the train that allegedly hit him, and there was no other evidence as to the actual speed of the train, it is clear that the expert reached his conclusion by assuming material facts not supported by the evidence. Accordingly, since the plaintiff's case rested upon the expert's speculative opinion, which was without probative value, the evidence was insufficient to support the finding of negligence (*Matter of Riehl v Town of Amherst*, 308 NY 212, 216-217). Concur—Milonas, J. P., Wallach, Nardelli and Tom, JJ.